IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 00-cv-00612-RPM

NEW TIMES, INC.,
ASSOCIATION OF ALTERNATIVE NEWSWEEKLIES,
DARK NIGHT PRESS,
CLAY DOUGLAS,
LARRY RICE,
DORET KOLLERER,
CHRISTINE DONNER,
MAOIST INTERNATIONAL MOVEMENT,
BARRIO DEFENSE COMMITTEE,
ANTHONY LUCERO,
MAXWELL THOMAS,
DANIEL HERNANDEZ,
ARTHUR MCCRAY,
GEORGE MOORE,
TRAVIS COLVIN, and
MARTIN WILLIAMS,

        Plaintiffs,
v.

JOE ORTIZ, in his official capacity as EXECUTIVE DIRECTOR OF COLORADO DEPARTMENT OF CORRECTIONS,

        Defendant.

_____

ORDER ON MOTIONS BY NON PARTY JACOB IND
_____

On March 21, 2008, Jacob Ind filed a "Motion Pursuant to F.R.Civ.P. 71" to find the defendant in contempt and to enforce the order of judgment in this civil action. The order sought to be enforced is an order entered on August 18, 2004, approving a settlement agreement between the parties. The plaintiffs, eight publisher plaintiffs and seven inmate plaintiffs, alleged that the Colorado Department of Corrections ("DOC"),

largely under Administrative Regulation 300-26 ("AR300-26"), arbitrarily and unjustifiably censored incoming reading material based on content in violation of plaintiffs' rights under the First and Fourteenth Amendments to the United States Constitution.  Although Ind was not a party to the action or the agreement, under *Floyd v. Ortiz*, 300 F.3d 1223 (10th Cir. 2002), a non-party inmate for whose benefit an agreement was entered may seek enforcement of the terms of the agreement under Rule 71.

In a response filed April 24, 2008, the defendant advanced the following arguments: 1) that Ind lacks standing to bring his claims in this action; 2) that Ind's motion fails to allege any facts on which a finding of contempt could be based; and 3) the express terms of the settlement agreement reached in this case expired on November 10, 2006. That pleading also contains a statement that "Defendant's counsel anticipates filing a motion pursuant to 18 U.S.C.A. § 3626 to terminate this court's jurisdiction relating to enforcement of the Settlement Agreement."  To date, no such motion has been filed.

The named plaintiffs replied to the defendant's response to Ind's motion, disputing the defendant's contention that the settlement agreement only pertained to censorship criteria, and argued that the settlement agreement restricts the DOC's ability to limit the amount of reading material in an inmate's possession.  The plaintiffs argue that Administrative Regulation 850-06 which governs and limits the nature and amount of offender property, the regulation Ind appears to be challenging, "sets a much laxer standard than the Settlement Agreement, which permits only those limits that are

'*necessary* for fire, rehabilitation, health or safety reasons.'" The plaintiffs also argue that the settlement agreement remains in force and its terms have not expired.

On May 30, 2008, Ind filed a motion for finding of contempt, alleging that the defendant did not contest his allegations. On June 4, 2008, Ind filed a motion to strike the defendant's response of April 24, 2008, on the ground that he was not given a copy of the response and was therefore denied the opportunity to reply. He apparently learned of the defendant's response after having received a copy of the plaintiffs' reply. The certificate of service to the defendant's response indicates the defendant mailed a copy of the response to Ind on the date the pleading was filed. On June 27, 2008, Ind filed a reply to defendant's response, and informed the court he received the defendant's pleading from plaintiffs' counsel. Ind claims he "can easily demonstrate a violation in a hearing after limited discovery. Reply, filed June 27, 2008 at p. 4.

Paragraph 4 of the court's order approving the settlement agreement provides, in part, that the terms of the agreement " are narrowly drawn, extend no further than necessary to correct the alleged violation of the Plaintiffs' constitutional rights, and are the least intrusive means necessary to correct the alleged violation of Plaintiffs' constitutional rights. The Court approves this Settlement Agreement, adopts it as an Order of this Court, and retains jurisdiction to enforce it pursuant to its terms." The settlement agreement required the DOC to promulgate a new version of AR 300-26, and that version of the regulation was attached to the settlement agreement as Exhibit A. Paragraph 6 of the settlement agreement provides: "Any limit imposed by the DOC or any facility on the number of items of reading material than an inmate may posses in

3

his cell shall at all times be only that number necessary for fire, rehabilitation, health or safety reasons."

Ind is housed in an administrative segregation unit at the Colorado State Penitentiary. Ind alleges that the restriction on the amount of his reading material constitutes a violation of the order: "The policy in CSP limits inmates to 2 personal books, including religious or legal books, and does not allow an inmate to exchange one of his two books for a new book. CSP also limits inmates to 2 magazines in his possession and, in addition, two subscriptions."" Motion Pursuant to F.R.Civ.P. 71, ¶¶ 10-11. Ind fails to allege any violation of the specific terms of the agreement. As set forth in the order approving the agreement, the court found that the terms of the agreement "are narrowly drawn, extend no further that necessary to correct the alleged violation of Plaintiff' constitutional rights, and are the least intrusive means necessary to correct the alleged violation of Plaintiffs' constitutional rights." That language reflects the limitations on the court's authority to grant prospective relief in the Prison Litigation Reform Act, 18 U.S.C. § 3626.

Under the settlement agreement, the DOC was required to promulgate the document identified as Exhibit A to the agreement. Exhibit A to the agreement provides, in part, that "It is the policy of the Department of Corrections (DOC) to respect and respond to the reading needs and preferences of offenders, consistent with the security needs and good order of DOC's facilities and offices, public safety, and rehabilitative goals set for the offender." It also provides that "Reading material shall be permitted, subject to fire, health, safety, and property allowance restrictions, unless such material poses a threat to the security or good order of the facility or office or is

determined to be contrary to public safety or the individualized rehabilitative goals set forth in writing for a specific offender by the DOC." Exhibit A to settlement agreement, §§ I, IVA.1. Ind fails to allege how the limitations on his reading materials constitute a violation of the specific terms of the agreement. Ind's complaints about prison conditions must be pursued independently of this civil action. Accordingly, it is

ORDERED that Ind's Motion to Strike, filed June 4, 2008, is denied and it is

FURTHER ORDERED that Ind's Motion Pursuant to F.R.Civ.P. 71, filed March 21, 2008, and Motion for Finding of Contempt, filed May 30, 2008, are denied.

DATED: July 3rd, 2008

                              BY THE COURT:

                              s/Richard P. Matsch
                              _____
                              Richard P. Matsch, Senior Judge