IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 00-cv-00612-RPM

NEW TIMES, INC.,
ASSOCIATION OF ALTERNATIVE NEWSWEEKLIES,
DARK NIGHT PRESS,
CLAY DOUGLAS,
LARRY RICE,
DORET KOLLERER,
CHRISTINE DONNER,
MAOIST INTERNATIONAL MOVEMENT,
BARRIO DEFENSE COMMITTEE,
ANTHONY LUCERO,
MAXWELL THOMAS,
DANIEL HERNANDEZ,
ARTHUR MCCRAY,
GEORGE MOORE,
TRAVIS COLVIN, and
MARTIN WILLIAMS,

    Plaintiffs,

v.

JOE ORTIZ, in his official capacity as
EXECUTIVE DIRECTOR OF THE COLORADO
DEPARTMENT OF CORRECTIONS

    Defendant.
_____

ORDERS ON MOTIONS BY NON PARTY JUSTIN RUEB AND ON DEFENDANT'S
MOTION FOR TERMINATION OF JURISDICTION
_____

    Seven inmate plaintiffs filed this case on March 22, 2000, challenging the Colorado Department of Corrections ("CDOC") Administrative Regulation 300-26 ("AR 300-26") claiming the CDOC engaged in censorship of incoming reading material based upon content. On August 10, 2004, the parties settled this case. This case was not brought as a class action and the case was never certified as a class action. On August 18, 2004, the court approved a settlement agreement that required the defendant to implement certain procedures and to refrain from altering an approved version of AR 300-26 for a period of two years. Plaintiff's counsel was permitted to monitor compliance with the settlement agreement for a period of two years. Paragraph 4 in the <u>Miscellaneous</u> section of the settlement agreement provides that "The

parties stipulate that the terms of the Settlement Agreement are narrowly drawn, extend no further than necessary to correct the alleged violation of Plaintiffs' constitutional rights, are the least intrusive means necessary to correct the alleged violation of Plaintiffs' constitutional rights. . ." Further, Paragraph 6 of the same section provides, in part, "This Settlement Agreement does not constitute an admission of liability against the interest of any party.  It is a compromise of a disputed claim for the sole purpose of avoiding the expense, hardship and uncertainty of litigation." The parties stipulated, and the court approved, an extension of the monitoring and compliance period of the agreement until November 10, 2006.

On March 21, 2008, Jacob Ind, an inmate housed in an administrative unit at the Colorado State Penitentiary ("CSP") and not a party to the original suit, filed a motion for contempt and to enforce the settlement agreement.  Following that filing, upon the death of Judge Phillip S. Figa and pursuant to General Order 2008-1, this case was reassigned and this court denied Ind's motion on the ground Ind failed to allege how the limitations on his reading materials constituted a violation of the specific terms of the settlement agreement.

On May 13, 2009, another Colorado State Penitentiary inmate, Justin Rueb, filed a motion to enforce the consent decree, complaining primarily of a limitation on the amount of paperwork he could possess, much as Ind had previously alleged.  This court ordered the defendant to respond.  The defendant filed a response on June 16, 2009, arguing the following: that Rueb lacks standing to bring his claims in this action; that Rueb's motion fails to allege any facts on which a finding of contempt could be based; and that the express terms of the settlement agreement in this case expired on November 10, 2006.  In a separate pleading, the defendant filed a motion for termination of jurisdiction relating to enforcement of settlement agreement, citing 18 U.S.C. § 3626(b).  18 U.S.C.§ 3626(b) provides:

> (1)  Termination of prospective relief.–(A) In any civil action with respect to prison conditions in which prospective relief is ordered, such relief shall be terminable upon the motion of any party or intervener–
> (i) 2 years after the date the court granted or approved the prospective

        relief.
            (ii) 1 year after the date the court has entered an order denying termination of prospective relief under this paragraph; or
            (iii) in the case of an order issued on or before the date of enactment of the Prison Litigation Reform Act, 2 years after such date of enactment.
        (B) Nothing in this section shall prevent the parties from agreeing to terminate or modify relief before the relief is terminated under subparagraph (A).

Following the defendant's filings, Rueb filed another motion to enforce consent decree, complaining of various prison policies including the seizure of newspaper and magazine clippings, prohibitions against receipt of commercially made photos, confiscation of calendars, and a ban on certain kinds of pornography. Plaintiffs, through counsel, filed a response arguing that the only provisions of the settlement agreement that had expired were the formal monitoring period and provisions regarding plaintiffs' counsel's prior consent to the amendment of the administrative regulation. Counsel argues that all other aspects of the settlement agreement remain in effect and that it "obviously was in force at the time Mr. Rueb filed his motion." Plaintiffs' Response, July 7, 2009, p. 3.

Plaintiffs' counsel argues that prospective relief does not automatically terminate under the Prison Litigation Reform Act ("PLRA"). Plaintiffs' counsel argues:

> Defendant does not even assert there is not a current and ongoing violation of the constitutional rights the Settlement Agreement was intended to remedy. Again, Mr. Rueb, in his motion to enforce the Settlement Agreement, provides ample evidence and argument that Defendant is not in compliance with the Settlement Agreement in at least the respects complained of – the harsh restrictions on the number of books and magazines and amount of personal paperwork that an inmate may possess at any time, as well as the limit on the number of magazine subscriptions, all beyond that necessary for fire, rehabilitation, health or safety reasons. Because Defendant has failed to carry its burden of proof, its Motion should be denied.

Plaintiffs' Response, p. 5. Plaintiffs' counsel requests a hearing and the opportunity for limited discovery.

Rueb's motion to enforce the settlement agreement is denied. Like Ind before him, Rueb fails to allege how the limitations on his reading materials constitute a violation of the specific terms of the agreement. Moreover, Rueb complains about matters not within the terms of the settlement agreement

and objects to portions of the settlement agreement, including a specific objection to plaintiffs' counsel's agreement to that portion of the approved AR 300-26 that purportedly banned all "XXX-Rated" hardcore pornographic reading materials. Rueb alleges that as a result, "the AR 300-26 was changed, and D.O.C. confiscated HUNDREDS of hard-core pornographic magazines from inmates . . . And all such reading materials have been banned in D.O.C. ever since." Rueb's Motion to Enforce Consent Decree, June 22, 2009, p. 11.

The defendant's motion to terminate jurisdiction relating to enforcement of the settlement agreement is granted. Under the terms of the PLRA, "relief shall be terminable upon the motion of any party . . . (i) 2 years after the date the court granted or approved the prospective relief." By order approving a stipulation, the terms of the agreement were extended until November 10, 2006. The defendant filed the motion to terminate on June 17, 2009, well beyond the two year time frame. The agreement specified that "This Settlement Agreement does not constitute an admission of liability against the interest of any party." Plaintiffs' counsel argues that the PLRA provides an important limitation on the court's ability to terminate jurisdiction. 18 U.S.C. § 3626(b)(3) reads:

> Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

Contrary to the suggestion of plaintiffs' counsel, this provision does not somehow shift the burden to the defendant to prove a lack of violation. The purpose of the PLRA is to limit the power of a federal court to grant prospective relief in prison-conditions litigation. The burden is on the plaintiffs to prevent remedial termination.

Upon the foregoing, it is

ORDERED that the motions to enforce decree filed by Rueb on May 13, 2009 and June 22, 2009

are denied, and it is

        FURTHER ORDERED that defendant's motion for termination of jurisdiction relating to enforcement of settlement agreement is granted.  This case is closed.

        DATED: October 16th, 2009

        BY THE COURT:

        s/Richard P. Matsch

        _____
        Richard P. Matsch, Senior District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
CERTIFICATE OF MAILING

Civil Action No. 00-cv-00612-RPM

      The undersigned certifies that a copy of the forgoing Orders on Motions by Non Party Justin Rueb and on Defendant's Motion for Termination of Jurisdiction was served by depositing the same in the U.S. Mail, postage prepaid, addressed to:

Justin Rueb
#94567
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Ray Hernandez
#57239
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Michael Harvey
#119108
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Larry Scott
#56289
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Ricky Maes
#127326
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Cesar Cabrera
#114314
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Deon Edwards

#60080
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Raymond Cain
#88807
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Alphonso Caesar
#57746
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Vernon Templeman
#57255
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Patrick Placensio
#66074
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Jacob Oakley
#123924
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Larry Upton
#118846
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

Shawn Shields
#69301
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

George Shanklin
#60141
Colorado State Penitentiary
PO Box 777
Canon City, CO 81215

    DATED: October 16, 2009

                                        GREGORY C. LANGHAM

                                              s/J. Chris Smith
                              By: _____
                                            Deputy Clerk